```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Paul Keene, et al.,

    Plaintiffs,

    v.                            Case No. 2:06-cv-389

Susan Tave Zelman, et al.,

    Defendants.

<u>ORDER</u>

    This is an action alleging violations of the Individuals with Disabilities Education Act ("IDEA"), the Rehabilitation Act, the Americans with Disabilities Act, 42 U.S.C. §1983, and Ohio law. This matter is before the court on plaintiffs' motion pursuant to Fed.R.Civ.P. 54(b) for reconsideration of this court's order of August 14, 2007, or for relief from judgment pursuant to Fed.R.Civ.P. 60(b). Since the order in question is not a final judgment, the court will address plaintiffs' motion under Rule 54(b), which provides that an order or decision "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

    In the order of August 14, 2007, the court addressed the proposed settlement agreement between plaintiffs and defendants Susan Tave Zelman and the State of Ohio Board of Education (collectively "the state defendants"), styled as the "Agreed Order of Settlement" and filed on April 9, 2007. The court found that since no class had been certified in this case, the proposed settlement agreement did not require the approval of this court under Fed.R.Civ.P. 23. See <u>Weiss v. Regal Collections</u>, 385 F.3d 337, 349 n. 21 (3d Cir. 2004); Fed.R.Civ.P. 23(e)(1)(A)("The court

must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a certified class."). The court declined to sign the "Agreed Order of Settlement" or to expressly approve or disapprove the settlement terms. Instead, the court treated the settlement proposal as a motion under Fed.R.Civ.P. 21 to dismiss the state defendants as parties to the action, and granted the motion.

In their Rule 54(b) motion, plaintiffs again ask this court to sign the "Agreed Order of Settlement." In the alternative, plaintiffs request this court to enter an order which dismisses the action against the state defendants and incorporates by reference the "Agreed Order of Settlement." Of course, the latter alternative would also have the effect of converting the agreement into an order of the court. See Kokkonen v. Guardian Life Ins. Co. of Am., 551 U.S. 375, 381 (1994). Plaintiffs argue that the court should sign the "Agreed Order of Settlement" or incorporate its provisions into the dismissal order to retain jurisdiction to award attorney's fees and to enforce the settlement agreement.

This court's signature on the "Agreed Order of Settlement" or incorporation of the settlement agreement into the dismissal order is not necessary to confer jurisdiction on this court to address the issue of attorney's fees. The matter of an award of attorney's fees in this case is collateral to the merits, and this court has the authority to consider a request for attorney's fees after the entry of judgment. See Fed.R.Civ.P. 54(d)(2)(B)("Unless otherwise provided by statute or order of the court, the motion [for attorney's fees] must be filed and served no later than 14 days after entry of judgment[.]"); Cooter & Gell v. Hartmarx Corp., 496

U.S. 384, 395-6 (1990)(motion for attorney's fees is an independent proceeding, not request for modification of original decree, and thus federal court could consider award of attorney's fees after entry of judgment on the merits).  See also White v. New Hampshire Dep't of Employment Security, 455 U.S. 445, 454 (1982)(noting that the only time bar for post-judgment request for attorney's fees under 42 U.S.C. §1988 is the discretion of district court); Phelan v. Bell, 8 F.3d 369, 372 n. 4 (6th Cir. 1993)(fact that complaint in IDEA action was dismissed prior to award of attorney's fees to plaintiff did not deprive district court of jurisdiction to make award).  Thus, this court will automatically retain its jurisdiction to rule on the matter of attorney's fees after the entry of final judgment.

Plaintiffs also urge the court to sign the "Agreed Order of Settlement" to retain jurisdiction to enforce the terms of the settlement agreement.  Plaintiffs are correct that a district court only has jurisdiction to enforce a settlement agreement if: (1) the court expressly retains jurisdiction over the settlement agreement by means of a separate provision in the order of dismissal; or (2) the dismissal order expressly incorporates the terms of the settlement agreement.  See Re/Max International , Inc. v. Realty One, Inc., 271 F.3d 633, 641-42 (6th Cir. 2001)(citing Kokkonen v. Guardian Life Ins. Co. of Am., 551 U.S. 375, 381 (1994)).

As noted above, the second option, incorporation by reference, would convert the agreement into an order of the court.  See Kokkonen, 511 U.S. at 381.  The court notes that many of the provisions of the "Agreed Order of Settlement" involve changes in the state administrative procedure which are broad enough to be

3

construed as granting relief not only to plaintiffs in their particular case, but also to members of the proposed, uncertified class.  There is nothing which precludes the state defendants from agreeing to such terms as part of the settlement between the named parties in this case, nor is such an agreement in any way improper.  However, adopting the settlement agreement as an order of the court could be construed as granting class-wide relief where no class has been certified.  Since the class claims have not been litigated pursuant to the procedures required by Rule 23, this would not be appropriate.

The "Agreed Order of Settlement" also includes a provision that the "Court shall retain jurisdiction over this case until the State Defendants have promulgated regulations which conform to the requirements of this order and applicable Federal and Ohio law."  Agreed Order of Settlement, paragraph 20.  However, the Ohio Department of Education has only promised in paragraph 15 of the Agreement to propose new regulations and "take all steps reasonably necessary and available to adopt regulations which incorporate the provisions" of the settlement, and the actual promulgation of regulations is not required under the proposed agreement.  In this respect, the retention of jurisdiction is warranted only for a period of time necessary to ensure that the state defendants have taken all steps reasonably necessary and available to adopt regulations.  The court sees no need to retain jurisdiction over the settlement agreement for what may prove to be an infinite period of time if no regulations are promulgated despite the best efforts of the state defendants.

Jurisdiction may also be retained by including a provision in

the dismissal order retaining jurisdiction over the settlement agreement.  Since no class has been certified in this case, plaintiffs at this point only have standing to contest violations of the settlement agreement which impact upon their own rights. The court declines to retain jurisdiction to enforce the provisions of the settlement agreement in situations where an alleged breach of the agreement threatens the interests of other potential class members, but no possible harm to the named plaintiffs.  However, the court will grant plaintiffs' motion in part by modifying the order of August 14, 2007 (Doc. No. 63), to further state: "The court will retain jurisdiction over the 'Agreed Order of Settlement' signed by the parties and filed on April 9, 2007, to enforce the terms of the settlement agreement and to grant relief for an actual or threatened breach of the agreement which violates or impairs the named plaintiffs' rights.  This includes retaining jurisdiction to enforce the state defendants' obligation to take all steps reasonably necessary and available to adopt regulations which incorporate the provisions the settlement and which are not in conflict with the provisions of the settlement."  This retention of jurisdiction is sufficient to protect the plaintiffs' rights and to ensure that the dismissal of the state defendants as parties is fair and just to the plaintiffs.

Plaintiffs' motion (Doc. No. 66) to reconsider the order of August 14, 2007, is granted in part and denied in part.

The court has been informed that the plaintiffs have reached a settlement with the Westerville defendants.  In light of the settlements in this case, the motion to dismiss (Doc. No. 15) filed by the Westerville defendants, the motion for summary judgment

5

(Doc. No. 16) filed by the state defendants, and the motion for summary judgment (Doc. No. 55) filed by the plaintiffs are now moot.

Date: September 17, 2007                   s\James L. Graham
                                     James L. Graham
                                     United States District Judge