IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION

Paul Keene, et al.,

        Plaintiffs,

    v.                                Case No. 2:06-cv-389

Susan Tave Zelman, et al.,

        Defendants.

                              ORDER

    This matter is before the court on the motion of plaintiffs Paul Keene and Mary Fehskens, on behalf of themselves and their minor son, S.K., for attorney's fees and costs (Doc. No. 68). Plaintiffs request an award of attorney's fees and costs against defendants Susan Tave Zelman, Superintendent of Public Instruction and Director of the State of Ohio Department of Education and the State of Ohio Board of Education (collectively "the state defendants").[1]  Plaintiffs seek attorney's fees and costs pursuant to the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. §1415(i)(3)(B); the Rehabilitation Act of 1973, 29 U.S.C. §794a; the Americans with Disabilities Act, 42 U.S.C. §12205; and 42 U.S.C. §1988.  These statutes, which permit the award of attorney's fees to a "prevailing party," are to be treated consistently. Chambers v. Ohio Dep't of Human Servs., 273 F.3d 690, 693 n. 1 (6th Cir. 2001).  Plaintiffs also seek an award of fees incurred as a result of the instant motion for attorney's fees.  See Kaseman v. District of Columbia, 444 F.3d 637, 640 (D.C.Cir. 2006)(noting general rule that the court may award additional fees for time

_____

    [1] Plaintiffs have negotiated a separate settlement with the Westerville, Ohio, City School District and Superintendent George Tombaugh (collectively "the Westerville defendants").

reasonably devoted to obtaining attorney's fees).

I. Prevailing Party Status

The state defendants oppose plaintiffs' motion for attorney's fees and costs. They first argue that plaintiffs are not prevailing parties. Plaintiffs respond that the state defendants are bound otherwise by the settlement agreement, entitled "Agreed Order of Settlement" (hereinafter "settlement"), which was signed by the parties and submitted to the court for filing on April 9, 2007.[2] Paragraph 22 of that agreement states:

> The State Defendants agree that Plaintiffs are prevailing parties with respect to systemic issues related to sufficiency challenges in the above captioned litigation. The Parties reserve all rights with respect to the issue of attorney's fees which shall be presented to the Court for decision.

This language indicates that while all other issues concerning whether and in what amount attorney's fees should be awarded have been left for the court to decide, the state defendants have contractually agreed that plaintiffs are prevailing parties. The state defendants argue that estoppel does not lie against government entities. However, the state defendants have offered no authority in support of the proposition that state governments are not bound by their contracts. Under both federal and Ohio law, attorney's fees may be awarded where a contract so provides. See Equilon Enterprises LLC v. 12 & Evergreen D&D Services, Inc., 232 Fed.App'x 504, 509 (6th Cir. May 17, 2007)(federal courts may award

---

[2]The court notes that although the document is entitled "Agreed Order of Settlement," it was not signed by the court, for the reasons explained in the orders of August 14 and September 18, 2007. The court further notes that although the settlement agreement was submitted to the court on April 9, 2007, and accepted for filing pursuant to Fed.R.Civ.P. 5(d)(2)(B), due to oversight, it has never been entered on the docket. The clerk is directed to file the Agreed Order of Settlement on the docket of this case.

attorney's fees to prevailing party when a contract authorizes such recovery); Nottingdale Homeowners' Assn., Inc. v. Darby, 33 Ohio St.3d 32, 34 n. 4 and 37, 514 N.E.2d 702 (1987)(noting majority rule that attorney's fees may be awarded pursuant to a contract, and holding that contractual provision for attorney's fees in that case was enforceable).  Since the state defendants have contractually agreed that plaintiffs are prevailing parties for purposes of the applicable statutes authorizing the payment of attorney's fees, they cannot now argue that plaintiffs are not prevailing parties.

The court also finds that plaintiffs qualify as prevailing parties even if the agreement is not considered.  To qualify as a "prevailing party," a party must succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Berger v. City of Mayfield Heights, 265 F.3d 399, 406 (6th Cir. 2001).  A plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties in a way that directly benefits the plaintiffs.  Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).  "Although a money judgment, an enforceable declaratory judgment, or an injunction will indicate such an alteration between the parties, these are not the only ways in which such a changed relationship may manifest itself."  DiLaura v. Township of Ann Arbor, 471 F.3d 666, 671 (6th Cir. 2007)(grant of summary judgment to plaintiffs which precluded defendants from enforcing ordinance against plaintiffs' proposed use of property sufficient to give plaintiffs prevailing party status).

Prevailing party status also requires that there be a

3

"judicially sanctioned change in the legal relationship between the parties. Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health & Human Resources, 532 U.S. 598, 605 (2001). In Buckhannon, the Supreme Court noted that judgments on the merits and settlement agreements enforced through a consent decree qualify as court-ordered changes. Id. However, the Court did not state that these two resolutions are the only sufficient bases upon which prevailing party status may rest. See Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 281 (4th Cir. 2002)("We doubt that the Supreme Court's guidance in Buckhannon was intended to be interpreted so restrictively as to require that the words 'consent decree' be used explicitly.")

The Court in Buckhannon noted that "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees." Buckhannon, 532 U.S. at 604 n. 7. However, the Court has also acknowledged that federal courts have jurisdiction to enforce private settlement agreements where "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal–either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381 (1994).

Defendants rely on Christina A. ex rel. Jennifer A. v. Bloomberg, 315 F.3d 990 (8th Cir. 2003), in which the court held that retaining continuing enforcement jurisdiction was insufficient to convey prevailing party status on the plaintiff. However, that decision does not reflect the majority view. In American

Disability Assoc., Inc. v. Chmielarz, 289 F.3d 1315, 1320 (11th Cir. 2002), the court held:

> [E]ven absent the entry of a formal consent decree, if the district court either incorporates the terms of a settlement into its final order of dismissal or expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement. Its authority to do so clearly establishes a "judicially sanctioned change in the legal relationship of the parties," as required by Buckhannon, because the plaintiff thereafter may return to court to have the settlement enforced.

See also Roberson v. Giuliani, 346 F.3d 75 (2d Cir. 2003)(settlement agreement conveyed prevailing party status on plaintiff where court retained jurisdiction in dismissal order); Truesdell v. Philadelphia Housing Authority, 290 F.3d 159 (3d Cir. 2002)(if private settlement is enforceable against opposing party through a court order, party in whose favor the order is entered may be termed the prevailing party); Barrios v. California Interscholastic Fed'n, 277 F.3d 1128, 1134 & n. 5 (9th Cir. 2002)(finding that because plaintiff could enforce the terms of the settlement agreement against defendant, he was a "prevailing party" regardless of the lack of a separate consent decree); Doe v. Hogan, 421 F.Supp.2d 1051, 1058 (S.D.Ohio 2006)(in light of continuing enforcement jurisdiction, district court was sufficiently involved to convey prevailing party status).

On September 18, 2007, this court entered an order amending its previous order of August 14, 2007, to add the following language:

> The court will retain jurisdiction over the 'Agreed Order of Settlement' signed by the parties and filed on April 9, 2007, to enforce the terms of the settlement agreement and to grant relief for an actual or threatened breach of

5

> the agreement which violates or impairs the named plaintiffs' rights. this includes retaining jurisdiction to enforce the state defendants' obligation to take all steps reasonably necessary and available to adopt regulations which incorporate the provisions [of] the settlement and which are not in conflict with the provisions of the settlement.

This retention of jurisdiction to enforce the settlement agreement constituted sufficient judicial action to convey prevailing party status upon the plaintiffs.

II. Special Circumstances

The state defendants also argue that there are special circumstances in this case which would render an award of fees unjust. They first contend that they were not responsible for the administrative decisions which were issued in this case by independent hearing officers. See Ohio Rev. Code §3323.05(E). They argue that they were innocent parties caught in the crossfire between plaintiffs and the Westerville defendants.

As plaintiffs note, Ohio Rev. Code §3323.05 requires the state board of education to "establish procedures to assure that handicapped children and their parents are guaranteed procedural safeguards in decisions under this chapter relating to the identification, evaluation, or educational placement of a handicapped child or the provision of education or related services under this chapter." §3323.05. In addition, the IDEA makes state agencies "responsible for ensuring that the requirements of this subchapter are met." 20 U.S.C. §1412(a)(11)(A)(i).

Plaintiffs' complaint against the state defendants alleged primarily the failure of the state defendants to have adequate procedures in place to assure that the plaintiffs were accorded due process in the administrative hearings. In their seventh claim,

6

plaintiffs alleged that the state defendants violated state law by: 1) referring the issue of the sufficiency of their due process notice to a separate hearing officer; 2) not permitting the hearing officer assigned to hear the case to bill for more than one hour during the first thirty days after the filing of the petition; 3) not permitting the hearing officer to consider a motion to amend the petition prior to its dismissal; 4) submitted the case for administrative appeal without the entire record; and 5) failing to provide "an opportunity for [plaintiffs] to receive a due process hearing conducted by an impartial hearing officer in accordance with standards and procedures adopted by the state board of education" as required under Ohio Rev. Code §3323.05(E).

In their ninth claim, plaintiffs alleged that they were denied substantive due process due to the dismissal of plaintiffs' due process notice, the dismissal of their administrative appeal, the alleged failure of the state defendants to follow their own regulations concerning the appointment of hearing officers and the conduct of due process hearings, and the state defendants' policy of instructing hearing officers not to bill more than one hour during the first thirty days the petition is pending.

The settlement agreement addresses these alleged procedural deficiencies. It requires the state defendants to train independent hearing officers concerning the appropriate standards. Settlement, ¶¶ 2-4. The state defendants are also required to ensure that parties receive adequate notice of the procedures used for the appointment of hearing officers, and to provide notices at the same time to all parties during the course of the proceedings. Settlement, ¶¶ 5-6. The agreement also specifies procedures to be

7

followed in regard to the sufficiency determination, ¶¶ 7-10; provides for notice of the availability of mediation, ¶ 11; and provides for changes in forms, notices and procedures designed to assist parents in submitting a due process complaint, ¶¶ 12-14, 17.

The record thus indicates that the state defendants were not merely innocent bystanders. Through the settlement, plaintiffs secured the agreement of the state defendants to make significant changes in the IDEA procedures for which the state defendants were responsible. The fact that the state defendants had no control over the actual decisions of the independent hearing officers or the acts of the Westerville defendants is not sufficient to render an award of fees inequitable in this case.

The state defendants also argue that they acted in good faith during the course of the litigation by attempting to arrive at a prompt settlement in the case. Even assuming that this is correct, the fact that a party has acted in good faith is not a special circumstance which justifies the denial of attorney's fees. Morscott, Inc. v. City of Cleveland, 936 F.2d 271, 273 (6th Cir. 1991).

Finally, the state defendants argue that the Westerville defendants are the real culprits in this case, and that plaintiffs should be limited to recovering attorney's fees from the Westerville defendants.[3] However, the claims against the Westerville defendants and the state defendants are readily distinguishable. The claims against the Westerville defendants involve primarily the decision of the Westerville defendants to

---

[3]The court notes for the record that it has reviewed the separate settlement agreement between plaintiffs and the Westerville defendants which has been filed under seal in this case.

8

refuse to pay for the placement of plaintiff S.K. in a suitable school. The claims against the state defendants involve the alleged deficiencies in the procedures for litigating due process notices. The state defendants cannot be characterized as being less culpable than the Westerville defendants in this case.

The court finds that no special circumstances exist which would preclude an award of attorney's fees against the state defendants. In the absence of special circumstances, a district court must award fees to the prevailing plaintiff. <u>Wikol ex rel. Wikol v. Birmingham Public Schools Bd. of Educ.</u>, 360 F.3d 604, 611 (6th Cir. 2004); <u>Berger</u>, 265 F.3d at 406. Plaintiffs are entitled to an award of fees in this case.

<u>III. Amount of Fees</u>

Awards of attorney's fees must be analyzed on a case-by-case basis, without adhering to any predetermined formula. <u>Wikol</u>, 360 F.3d at 611. The state defendants do not object to the reasonableness of counsel's hourly rate. Attorney Hickman is seeking fees at a rate of $250 per hour, and Attorney Saltzman is seeking fees at a rate of $225 per hour. Neither counsel is requesting an additional lode star rate. Considering the expertise of these attorneys, the hourly rate is very reasonable.

The state defendants do argue that certain fees should not be awarded. Plaintiffs are seeking fees for services rendered during the administrative proceedings from March 13, 2006, onward, that being the date that plaintiff's due process notice was dismissed on the ground of insufficiency. This would include fees incurred during the administrative appeal. The state defendants argue that fees incurred during the course of the administrative proceedings

9

between plaintiffs and the Westerville defendants should not be awarded because the state defendants were not parties in the administrative proceedings.

The IDEA authorizes two types of "actions" for attorney's fees: 1) requests for fees in suits challenging adverse administrative determinations under 20 U.S.C. §1415(i)(2), and 2) claims for fees brought by parents who have prevailed at the administrative level. Kaseman, 444 F.3d at 640. However, as the Supreme Court stated in Kentucky v. Graham, 473 U.S. 159, 170 (1985), "There is no cause of action against a defendant for fees absent that defendant's liability for relief on the merits." Thus, courts have refused to hold state agencies responsible for attorney's fees incurred during administrative proceedings under the IDEA where the state agencies were not parties to the administrative proceedings.

In Whitehead By and Through Whitehead v. School Bd. for Hillsborough County, State of Fla., 932 F.Supp. 1393, 1395-96 (M.D.Fla. 1996), the court declined to award attorney's fees under the IDEA against the state department of education where the department was not named as a party in the administrative proceedings in which plaintiffs prevailed over the local school board, the sole defendant. The court held that the department was not liable for attorney's fees under the doctrine of respondeat superior, noting:

> Though the IDEA holds the state [agency] responsible for assuring disabled children are provided a free appropriate public education, this alone does not render that agency liable for §1415(e)(4)(B) fees under a respondeat superior theory.

Id. See also Reid v. Board of Educ., Lincolnshire-Prarie View Sch.

10

Dist. 103, 765 F.Supp. 965, 969 (N.D.Ill. 1991)(holding that state agency, which was not a party to the administrative proceedings, was not liable to parents for attorneys' fees incurred during administrative proceedings).

In John T. ex rel. Robert T. v. Iowa Dep't of Education, 258 F.3d 860 (8th Cir. 2001), the parents of a disabled student filed an administrative action against local school officials who refused to provide their son with a full-time instructional assistant.  The administrative law judge ruled against the parents, and the parents appealed that decision to a federal district court, naming both the local school officials and the Iowa Department of Education as defendants.  The district court reversed the decision of the administrative law judge and awarded attorney's fees against the department which were incurred during the administrative proceedings.

The Eighth Circuit held that the district court abused its discretion in awarding fees incurred during the administrative proceedings, noting that the department was not a party to the administrative proceedings.  Id. at 866.  The court also rejected the argument that the department should be held liable under a respondeat superior theory.  While acknowledging that state agencies have the responsibility under the IDEA to ensure the proper education of disabled children, the court concluded that this supervisory responsibility alone did not permit a fee award when the state agency does not participate in the proceedings.  Id. The court noted that the administrative proceedings concerned the failure of the local school officials to provide the requested relief, and that the department's actions in the district court had

11

no impact on the fees plaintiffs incurred in the administrative proceedings.  Id. at 867.

In this case, only the Westerville City School District was named as a defendant in the administrative proceedings, both in regard to the initial due process petition and the administrative appeal. The state defendants were not parties to the administrative proceedings. In the administrative appeal, plaintiffs raised some of the due process issues relating to the hearing officer's dismissal of the due process notice due to insufficiency which were later included in its claims against the state defendants in this action. However, the state defendants were never included as parties in that appeal. The administrative appeal, which was dismissed for lack of a final appealable order, resolved none of the issues later asserted against the state defendants in this case, and since the state defendants were not parties to the administrative proceedings, they took no action opposing plaintiffs' due process arguments during the administrative appeal.

Therefore, the court concludes that plaintiffs are not entitled to attorney's fees for services which relate solely to the administrative proceedings and the claims made in those proceedings against the Westerville City School District. Likewise, it would not be appropriate to simply use the date of the dismissal of plaintiffs' due process notice as the accrual date for attorney's fees due from the state defendants. However, various due process arguments made during the administrative appeal were repeated in the complaint allegations in this case. Thus, it is possible that some of the work done by counsel in connection with the

12

administrative appeal, such as legal research, was later used by counsel in drafting pleadings in this case or otherwise litigating the federal court claims against the state defendants. If that is the case, then plaintiffs would be entitled to recover attorney's fees for the services of counsel which are relevant to the claims advanced in federal court against the state defendants, even though that work was originally performed during the administrative appeal. Counsel for plaintiffs are directed to examine their billing records, and to delete any claims for work performed during the administrative proceedings which does not relate to the preparation of the federal complaint and the litigation of the federal claims against the state defendants.

The state defendants also contend that plaintiffs should not be permitted to recover attorney's fees for discovery conducted after July 25, 2007, since that is when the state defendants indicated to plaintiffs' counsel that they were interested in settling the case. Plaintiffs respond by noting that they requested minimal discovery in the form of the due process letters and sufficiency decisions for putative class members, which they needed to fully understand how the state agency acted in these cases and the impact of these policies on class members. According to plaintiffs, the state defendants insisted on a protective order, which was finalized on October 16, 2006, before releasing the requested information, and did not provide the due process letters until November 16, 2006. Plaintiffs then provided a settlement proposal by the end of November. Plaintiffs further note that during the pretrial conference, the magistrate judge denied the state defendants' request for a stay of discovery pending a ruling

on the state defendants' motion for summary judgment or partial dismissal, which was filed on October 2, 2006.

The mere fact that the defendant indicates an interest in settling the case does not suspend the plaintiff's right to obtain discovery. Plaintiffs were entitled to seek the information from the state defendants which they needed to intelligently engage in settlement negotiations. There is nothing in the record before the court indicating that plaintiffs' counsel spent an unreasonable amount of time requesting or analyzing discovery. Plaintiffs are entitled to the claimed fees for discovery activities.

Finally, the state defendants argue that plaintiffs should not be awarded attorney's fees for their response to the state defendants' motion for summary judgment or partial dismissal. The state defendants claim that they filed this motion simply to preserve their defenses, and that they were content to let the motion remain on the docket without a response and devote all their efforts to settling the case. The docket reveals that plaintiffs sought and received at least three extensions on their response time, but that they were obligated to comply with the deadline ultimately imposed by the magistrate judge.

At the time of the filing of the state defendants' motion, plaintiffs had no guarantee that the parties could successfully arrive at a settlement of the case. Without a signed settlement agreement in hand, plaintiffs were not required to risk the granting of the state defendants' motion due to their failure to respond to the motion. Plaintiffs are entitled to an award of fees for counsel's work in connection with opposing the state defendants' motion to dismiss.

IV. Conclusion

In accordance with the foregoing, plaintiffs' motion for attorney's fees is granted, with the exception of fees incurred as a result of work performed during the administrative proceedings which was not later utilized in bringing or litigating the charges against the state defendants in federal court.  Plaintiffs' counsel shall submit a revised account of fees, including fees incurred in connection with the motion for attorney's fees, on or before June 9, 2008.


Date: May 23, 2008                     s\James L. Graham
                                 James L. Graham
                                 United States District Judge

15